Digkman, J.
The Hanover Savings Fund Society, a corporation organized under the laws of Pennsylvania, and located in Hanover, in that state, commenced the original action in the court of common pleas of Perry county, against the Newark Coal Company, a corporation organized under the laws of Ohio, as maker, and John C. Larwell, William Shields, Edward M. Downer, James H. Smith and Thomas J. Davis, as endorsers of a promissory note for five thousand dollars, dated December 18, 1878, payable in six months after date, and discounted by the Savings Fund Society. The note was signed by Larwell, Shields, Downer and Smith as sureties only; and was delivered to the Savings Fund Society at its place of business in Pennsylvania; and was there discounted by it at a rate of interest *279 exceeding six per cent, per annum, to wit, ten per cent, per annum; and the proceeds thereof were there paid and delivered to the Coal Company.
The Coal Company and Davis filed no answer to the petition. The other defendants answered, and set up as defenses, 1st. That they signed the note as sureties; that the Savings Fund Society had not the corporate power to receive as interest for any loan more than six per cent, per annum ; that its discount of the note in question, at a greater rate, was in violation of the laws of Pennsylvania, and of its articles of incorporation; and that the contract of loan, was therefore void, for w'ant of'the Society’s legal capacity to make the same. 2d. That the Coal Company being a corporation organized for manufacturing and mining purposes, had not the power, under the laws of Ohio, to borrow money at a higher rate of interest than that for which natural persons are authorized to contract, and that the note by it executed, and discounted by the Savings Fund Society, was therefore illegal and void.
The issues were tried to the court, and judgment was rendered for the plaintiff, for the amount actually advanced on the note, with interest thereon at six per cent, per annum. The judgment was affirmed by the district court, and this court is asked to reverse the judgment of affirmance.
The Hanover Savings Fund Society was incorporated by the legislature of Pennsylvania, by act of April 14, 1835. By Section 4 of the act of incorporation, it is provided, that the corporation shall be authorized to invest its funds in public stocks, or real securities, or in the discount of notes, or personal securities; provided that the rate of discount at which loans may be made by the institution, shall not exceed one half per centum for thirty days. And, by Section 1 of an act passed June 27, 1839, which is entitled a Supplement to an act to incorporate the Philadelphia Savings Institution, and for the better regulation of savings institutions and loan companies, it is provided, that it shall not be lawful for any savings institution or loan *280 company within the commonwealth, to charge or receive as interest, commission or otherwise, for any loan or discount, more than at the rate of six per cent, per annum on the sum loaned or discounted. And if any member, director or officer of any savings institution or loan company shall advise or consent to any violation of the provisions of the section, or shall knowingly suffer them to be violated, he shall forfeit and pay for each offence, the sum of one hundred dollars. The Pennsylvania statute, passed May 28,1858, regulating the rate of interest, provides, “ That the lawful rate of interest for the loan or use of money in all cases where no express contract shall have been made for a less rate, shall be six per cent, per annum.” And when a greater rate has been contracted-for or reserved, the debtor will not be required to pay the excess over the legal rate, and at his option he may deduct the excess from the amount of the debt; or, when he has voluntarily paid the whole debt with interest in excess of the lawful rate, he may recover such excess by action. This statute inflicts no pains, penalties or forfeitures for charging or receiving more than the lawful rate of interest. If the parties contract for a, greater rate than six per cent., the contract is only voidable as to the excess. Lebanon National Bank v. Karmany, 98 Pa. St., 65.
It is submitted in behalf of the defendant in error, that by the established construction and interpretation of the statutes of Pennsylvania, contracts for the loan of money by incorporated savings institutions at a higher rate of interest than six per cent, per annum, are to be placed upon the same footing with those of natural persons, and instead of being illegal and void, are valid to the extent of the amount actually advanced, with interest thereon at the lawful rate. The statutes of another state, and also any peculiar construction which the courts of such state may have placed upon them, when they come in question in the courts of this state, must be proved by evidence as matters of fact. Smith v. Bartram, 11 Ohio St., 690. On the trial in the court of common pleas, to prove the existing law of *281 Pennsylvania governing savings institutions in making loans on interest, both sides produced evidence, in the shape of printed copies of statutes, and books of reports of cases adjudicated in the local tribunals; and the plaintiff introduced the depositions of witnesses learned in the law, and of long and extensive practice in the courts of that state. In the light of the evidence thus furnished by the record, we are not disposed to reject the conclusions arrived at by the court below — that the taking of more than six per cent, per annum interest by savings institutions in Pennsylvania does not wotk a forfeiture of the loan, but. only of the excess of interest above that rate ; that the officers of such institutions may be sued for a penalty of one hundred dollars for a violation of the act in taking illegal interest; but, that the principal with six per cent, per annum interest thereon, is not impaired, and may be recovered by action. There being, therefore, under the laws of Pennsylvania no forfeiture of the loan, but only of the excess of interest above the legal rate, the Savings Fund Society, in an action in this state, on the note in litigation, against the maker and sureties, may, if not prohibited by any statute of this state, recover the principal and interest thereon, at the rate authorized by its charter.
But, the Newark Coal Company, it is said, had not, under the laws of Ohio, the legal power and capacity to borrow money at a rate of interest exceeding - eight per cent, per annum, and that its contract with the defendant in error was therefore illegal and void. This coal companj’- is a corporation organized for manufacturing and mining purposes. Under the act of March 23, 1875 (72 Ohio Laws, 69), “Any company heretofore or hereafter incorporated under the laws of this state for the purpose of manufacturing or mining, or any corporation organized for religious purposes, shall have power to borrow money on the credit of the corporation, not exceeding its authorized capital stock, at any rate of interest not exceeding that for which natural persons are or may be allowed to stipulate under the laws of this state, and may execute bonds or promissory *282 notes therefor in sums not less than one hundred dollars, and to secure the payment thereof may pledge the property and income of such company.” Without the aid of an enabling statute, the coal company might have borrowed money without express authority in that behalf, as a power incidental to its enterprise, provided the nature of its undertakings was such as to render borrowing necessary for the proper conduct of the same. The modern doctrine is, to consider corporations as not only having such powers as are specially granted by the act of incorporation, but such as are necessary for the purpose of carrying into effect the powers expressly granted.' 2 Kent’s Comm., 298. Generally, they have authority to borrow money to carry out the objects for which they are created, and to execute their obligations therefor. When not prohibited by law from doing so, and without any express authority in their charters for that purpose, they may make negotiable promissory notes, when such notes are given by them for any of the legitimate objects for which they were incorporated. Indeed, it seems to be now well settled by the weight of authority, as said in a recent work on corporations, that a power granted to a corporation, to engage in a certain business, carries with it the authority to act, precisely as an individual would act, in carrying on such business, and that it would possess for this purpose the usual and ordinary means of accomplishing the objects of its creation in the same manner, as though it were a natural person. Field on Corp., sec. 271; Hays et al. v. Galion Gas Light & Coal Co., 29 Ohio St., 330; Moss v. Averell, 10 N. Y., 449; Green’s Brice’s Ultra Vires, 115.
■ In full view of the exercise of these extended and well recognized incidental corporate powers, the legislature, in sec. 3235 Rev. Stats., has provided, that except for dealing in real estate or carrying on professional business, corporations “ may be formed for any purpose for which individuals may lawfully associate themselves,” If the legislature had gone further, and added the words, “and may borrow money at any rate of interest not exceeding that for *283 •which, natural persons may stipulate under the laws of this State,” it would be unreasonable to hold, that the-statute meant to permit merchants and traders, for example, to go through the form óf a corporate organization, and as it were borrow themselves rich by obtaining loans at. more than eight per cent.. interest, and then under the shield of law repudiating the payment of interest and principal.
If a corporation, in the exercise of its implied powers, may borrow money and give its promissory note therefor, it may stipulate for the payment of interest, and must be subject to at least the same limitations that are imposed upon natural persons. But, suppose it borrows money and stipulates to pay a higher interest than eight per cent, per annum, shall the lender thereby forfeit not merely the excess of interest above the legal rate, but the entire principal and interest? Such a bargain between natural persons, it is conceded, would not be void, but o.ur courts would recognize the contract as binding, and reform the terms, and give judgment for the principal and six per cent, interest. Miami Exporting Co. v. Clark, 13 Ohio, 20. A different rule, we do not think, applies to manufacturing and mining companies «under the act of March, 1875. When the legislature empowered such companies to borrow money, at any rate of interest not exceeding that for which natural persons are allowed to stipulate, we are unwilling to hold, that it was the legislative intent to permit such companies not only to evade the payment of the excess of interest above the legal rate, but to go further than natural persons can go, and repudiate the entire contract as illegal and void. Such an intent becomes more improbable when we consider, that “corporations organized for religious purposes” are placed by the statute, in all respects, upon the same level with manufacturing and mining companies. We are therefore of opinion, that a mining company borrowing money, with interest to be paid thereon, is placed upon the same footing with natural persons as to the rate of interest for which it may stipulate; and a stipulation by the company *284 for the payment of interest beyond the rate allowed bylaw, will not avoid the contract, except as to the excess of interest over the legal rate.
But, although the contract between the Coal Company and the defendant in error is not to be treated as illegal and void, yet, it is contended, that it was at least without authority; that the company is a creature of statutory law, and derives all its powers and capacities from the law of its creation; that to borrow money at a rate of interest greater than eight per cent, per annum, is not within the powers conferred by the act of March, 1875, and therefore no recovery can be had by the Savings Fund Society. The facts stand undisputed, that the Coal Company did borrow the sum of five thousand dollars from the Savings Fund Society, to be used in its business of mining coal; that no portion of the money has ever been paid; and that it is now sought to repudiate the loan, on the ground of a want of corporate power to borrow money at more than eight per cent, interest. In the case of Bank of Chillicothe v. Town of Chillicothe, 7 Ohio, 31, it was held, that where a town corporation is invested with the powers usually conferred upon such bodies, a contract for borrowing money for tbe use of the town is obligatory, and binds the corporation for repayment, although no express power to borrow money be given in the law of incorporation. Hitchcock, J., in delivering the opinion of the court, in words of great force and adapted to the case at bar, says, “ The language of the defendants to the plaintiffs is in substance this: True, you loaned to us this money, you did it at our earnest solicitation, we have used it for our own benefit; but we have no power to borrow, we violated our charter in so doing, and we will take advantage of this our own wrongful act, to protect ourselves from the payment of that which is your honest due. No rule of decision which will lead to such manifest injustice ought to be adopted without careful examination and much deliberation.” The attempt of a corporation to avoid the payment of its debts, by setting up its usurpation of power or the plea that a contract which it *285 has deliberately made, and of which it has received the full benefit, is void for want of corporate power to make it, does not commend itself to favorable consideration. The tendency of the courts, based upon the strongest principles of justice, is to enforce contracts against corporations, although in entering into them they may have transcended their chartered powers, when they have received the consideration and the benefit of the contract. And it seems to be now the well established rule, that where a contract, not illegal, has been executed and fully performed on the part either of the corporation or of the other contracting party, neither Avill be heard to object that the contract and such performance Avere not within the legitimate powers of the corporation. Hays v. Galion Gas Light & Coal Co., 29 Ohio St., 330; Ex parte Chippendale, 4 DeG. M. & G., 19; Fishmongers' Company v. Robertson, 5 McG., 131; Whitney Arms Co. v. Barlow, 63 N. Y., 62; Bradley v. Ballard, 55 Ill., 413.
It is claimed in behalf of the plaintiffs in error, that the judgment of the district court should be reversed, upon the authority of Bank of Chillicothe v. Swayne, 8 Ohio, 258, and a series of cases following in approval, and ending with Kilbreth v. Bates, 38 Ohio St., 187, in which banks and institutions exercising banking powers loaned money at usurious rates of interest. Those cases, as well as that of Ohio ex rel. Laskey v. Board of Education, 35 Ohio St., 519 — a case of borrowing money at a rate of interest exceeding the statutory limitation of eight per cent. — rest upon their OAvn peculiar merits. They refer to a class of corporations totally unlike mining companies in character, duties, objects and relations to the public. By reason of the restrictions and prohibitions in the charters or acts of incorporation which gave them birth, it was held in the eases above referred to, that where the banks or banking institutions took more than the rate of interest prescribed, the contract of loan was avoided — that it Avas not simply ultra vires, but illegal and void. We are not disposed to call in question the decision in the case of Bank of Chillicothe v. Swayne, supra, but we are of opinion, that the application *286 of its controlling principle should not be extended to the act of March 28, 1875, for enabling manufacturing and mining companies to borrow money at the rate of interest permitted to natural persons. Such an application is not demanded by the language, S23irit or purposes of that act.
From the foregoing considerations it will follow, that the Newark Coal Company is not discharged from liability, on the promissory note by it made to the Hanover Savings Fund Society. It is claimed however by the plaintiffs in error, Larwell, Shields, Downer and Smith, that although the Coal Company may be liable, they, being sureties only on the note, are exonerated, as the alleged usurious contract is not their contract. In First National Bank of Columbus v. Garlinghouse et al., 22 Ohio St., 493, it was decided, that the discounting of a note for the principal maker, at a usurious rate of interest, will not discharge the sureties, where there is no intention to juactiee a fraud on them, and in the absence of any express agreement or understanding between the sureties and the principal of which the creditor had notice, that the note was not to be used unless it could be discounted at the legal rate of interest.' In such case, the sureties must be held to have trusted the principal as to the terms on which the note might be discounted. There being no facts disclosed by the record which render that decision inapplicable to the case at bar, we are of opinion, that the above named sureties are not relieved from liability on the note, by the contract of the Coal Company to pay interest thereon in excess of eight per cent, per annum.
The judgment of the district court must be affirmed

Judgment accordingly.

[Martin, J., dissents as to the fourth proposition of the syllabus, because its conclusion as to the law of the other state is not warranted by the record.]